IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RUSSELL SCOTT AVERY,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, et al.,<br><br>Defendant. | CV 13-00126-M-DWM-JCL<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

**I. Background**

Plaintiff Russell Scott Avery was arrested in Iowa on a warrant issued out of Missoula County Justice Court. On September 29, 2011, the transport of Avery from Algona, Kossuth County, Iowa to Missoula was commenced with Avery arriving at the Missoula County Detention Center on October 6, 2011. Avery filed suit against Extradition Transport of America under 42 U.S.C. § 1983 alleging that entity — acting under color of state law – deprived him of the rights guaranteed him as a pretrial detainee under the Fourteenth Amendment to the United States Constitution by subjecting him to cruel and unusual punishment over the course of the trip from Iowa to Montana. *Avery v. Extradition Transport of America*, CV-11-153-M (D.Mont. 2011). Ultimately, a default judgment was entered in favor of

1

Avery in that case and Avery was awarded $75,000.00 as reasonable compensation for his injuries. *Avery v. Extradition Transport of America*, 2013 WL 486658 (D.Mont. 2013).

In the present action, Avery initially alleged the State of Montana and Missoula County should be liable for not doing a proper background check on Extradition Transport of America. (Complaint, Doc. 2.) After conducting an initial prescreening analysis required by 28 U.S.C. § 1915, the Court found that Avery had failed to state a claim against the State and Missoula County but gave Avery an opportunity to file an amended complaint. (Doc. 4.) Avery filed an Amended Complaint against the Missoula County Sheriff's Office, Sheriff Carl Ibsen, and two Doe Defendants on September 16, 2013 raising the same claims of failing to conduct a proper background check on Extradition Transport of America. (Doc. 7.) The Court again found that Avery had failed to state a claim against the named Defendants but allowed him an opportunity to file a second amended complaint. (Doc. 9.)[1]

Currently pending is Avery's Second Amended Complaint in which he

---

[1] Avery's First Amended Complaint did not name the original Defendants, the State of Montana and Missoula County. As such, the Court indicated these Defendants would be recommended for dismissal in a subsequent order. (Doc. 9 at 2.)

asserts the same claims advanced in his original and amended complaints. But he only names as Defendants John and Jane Doe – unidentified employees of the Missoula County Sheriff's Department. The following analysis applies to all of the Defendants named in Avery's series of Complaints.

## II. Prescreening Analysis

Avery is a prisoner proceeding in forma pauperis so his Second Amended Complaint is reviewed under 28 U.S.C. § 1915 to determine if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Avery now alleges two Doe Defendants failed to adequately craft a policy, have in place safeguards, install mechanisms to enforce adherence to minimum protocols, and/or and failed to craft a policy overseeing such extradition process that would have prevented the violation of Avery's constitutional rights during the transport.

"A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (internal quotation marks and citation omitted). "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training,

supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Id.* at 1208 (*quoting Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998)). Allegations against supervisors which resemble "bald" and "conclusory" allegations should be dismissed. *Hydrick v. Hunter*, 669 F.3d 937 (9th Cir. 2012). For example, allegations that a supervisory defendant had personal knowledge of a constitutional violation will be insufficient without "specific allegations regarding each Defendant's purported knowledge" of the violation. *Hydrick*, 669 F.3d at 942.

Avery fails to explain how each Defendant caused or personally participated in causing a deprivation of his constitutional rights. He does not make sufficient allegations to plausibly establish that any Defendant had knowledge of and acquiesced in an alleged constitutional violation. There is no allegation that any Defendant had prior knowledge of the violations or a reason to believe there was a need for the policies or mechanisms which Avery contends were necessary. There is no indication that there had been any prior difficulties with the transport company such that Defendants exhibited deliberate, reckless, or callous indifference to Avery's rights. Avery's allegations fail to plausibly state a claim for relief.

4

Moreover, in his Second Amended Complaint, Avery only identified Doe Defendants. As set forth in the Court's prior Order, the Federal Rules of Civil Procedure include no provision "permitting the use of fictitious defendants." *McMillan v. Department of Interior*, 907 F.Supp. 322, 328 (D.Nev. 1995); *see also Fifty Associates v. Prudential Ins. Co.*, 446 F.2d 1187, 1191 (9th Cir. 1970). Unknown persons cannot be served with process until they are identified by their real names and the Court will not investigate the names and identities of unnamed defendants.

## III. Conclusion

Despite being given numerous opportunities to amend his pleadings, Avery has failed to state a claim upon which relief may be granted as against any of the Defendants named in his series of complaints. As such, it can only be assumed that the defects in the pleadings cannot be cured by the allegation of additional facts. This matter should be dismissed with prejudice.

### A. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). Avery failed to state a claim. This case should be a

5

strike under 28 U.S.C. §1915(g).

### B. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> > (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

Avery's claims are frivolous and no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

**C. Address Change**

At all times during the pendency of this action, Avery shall immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

### RECOMMENDATIONS

1. This matter should be dismissed. The Clerk of Court should be directed to close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Avery failed to state a claim upon which relief may be granted.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant case

7

is frivolous as it lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &  
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Avery may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 19th day of November, 2014.

    /s/ Jeremiah C. Lynch  
Jeremiah C. Lynch  
United States Magistrate Judge

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.