IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED
JAN 09 2015
Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| RUSSELL SCOTT AVERY,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, et al.,<br><br>Defendants. | CV 13–126–M–DWM–JCL<br><br>ORDER |

Plaintiff Russell Scott Avery, appearing pro se, alleges Defendants should be liable for not doing a proper background check on the company that transported him while he was a pretrial detainee from Iowa to Montana. (Compl., Doc. 2.) He claims that the transport company denied him proper hygiene and restroom breaks and that he was shackled continuously during the eight-day transport. (*Id.*) A default judgment was entered against the transport company in an earlier case. *Avery v. Extradition Transport of America*, CV 11-153-M-DWM (D. Mont. 2011).

After conducting an initial prescreening analysis required by 28 U.S.C. § 1915, the Court found Avery had failed to state a claim in his original and First Amended Complaints but gave Avery the opportunity to amend. (Docs. 4, 9.) Avery's Second Amended Complaint asserts the same claims advanced in his prior

-1-

complaints, and he now names as Defendants only John and Jane Doe, unidentified employees of the Missoula County Sheriff's Department. (Doc. 13.) Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendations on November 19, 2014, recommending that this matter be dismissed with prejudice. (Doc. 15.) Avery has not filed objections to Judge Lynch's Findings and Recommendations.

On dispositive motions, the parties are entitled to *de novo* review of the specified findings or recommendations to which they object, 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp.*, 656 F.2d at 1313, and where there are no objections, the court is to give the level of consideration it deems appropriate, *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). This Court reviews for clear error. Clear error exists if the court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

The Court finds no clear error with Judge Lynch's determination that Avery's allegations fail to plausibly state a claim for relief. Avery fails to explain how each Defendant caused or personally participated in causing a deprivation of

his constitutional rights. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) ("A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." (internal quotation marks omitted)). Additionally, "[t]here is no provision in the Federal Statutes or Federal Rules of Civil Procedure for use of fictitious parties." *Fifty Associates v. Prudential Ins. Co.*, 446 F.2d 1187, 1191 (1970).

Accordingly, IT IS ORDERED that the Findings and Recommendations (Doc. 15) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that this matter is DISMISSED. The Clerk of Court is directed to close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Avery failed to sate a claim upon which relief may be granted.

IT IS FURTHER ORDERED that the Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes

plain the instant case is frivolous as it lacks arguable substance in law or fact.

DATED this 9th day of January, 2015.

Donald W. Molloy, District Judge
United States District Court